UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THE COLUMBIA COUNTY CORRECTIONS
OFFICER'S BENEVOLENT ASSOCIATION, LOCAL
3828, NEW YORK STATE LAW ENFORCEMENT
OFFICERS UNION, DISTRICT COUNCIL 82, AFSCME,
AFL-CIO; and, MATTHEW HOGENCAMP, as President
of the Columbia County Corrections Officer's Benevolent
Association, Local 3828, New York State Law
Enforcement Officers Union, District Council 82,
AFSCME, AFL-CIO, individually and on behalf of all
similarly situated members,

**COMPLAINT**

1:20-cv-684 (BKS/CFH)

*Plaintiffs*,

-against-

JURY TRIAL
DEMANDED

MATT B. MURELL, in his official capacity as Chairman of
the Board of Supervisors of Columbia County, P. J.
KEELER, JR., in his official capacity as County Treasurer
of Columbia County, RONALD CAPONERA, in his official
capacity as County Comptroller of Columbia County,
ROBERT J. FITZSIMMONS, in his official capacity as
County Attorney of Columbia County, MICHAELE
WILLIAMS-RIORDON, in her official capacity as Human
Resources Director of Columbia County, DAVID P.
BARTLETT, in his official capacity as Sheriff of Columbia
County, the COLUMBIA COUNTY BOARD OF
SUPERVISORS, and the COUNTY OF COLUMBIA,

*Defendants*.

Plaintiffs, by and through their attorney, Jeffrey P. Mans, Esq., as and for a Complaint against

the defendants, allege as follows:

**Preliminary Statement**

1.    Plaintiffs herein seek declaratory and injunctive relief regarding the adoption and

implementation of Columbia County Resolution No. 163-2020, which purports to give the Columbia

County defendants the authority to unilaterally modify the wages, hours and other terms and

conditions of employment of County employees, as provided for in the existing collective bargaining agreement between the County of Columbia and the Columbia County Sheriff, as joint employers, and the Columbia County Corrections Officer's Benevolent Association, Local 3828, New York State Law Enforcement Officer's Union, District Council 82, AFSCME, AFL-CIO (hereinafter "Corrections Officer's Local 3828" or "Corrections Officer's Union").

2.      Specifically, defendant Columbia County Board of Supervisors adopted Resolution No. 163-2020 on June 4, 2020, that authorizes the imposition of an <u>involuntary</u> six (6) day work furlough, without pay, for all members of the Corrections Officers Union, and authorized the Columbia County Chairman of the Board of Supervisors, County Treasurer, County Comptroller, County Attorney, and the Human Resources Director, to execute and implement same.

3.      Columbia County Resolution No. 163-2020 impairs the Corrections Officer's Union's and its represented employees' collective bargaining contractual rights in violation of the Contract Clause of Article I, §10, of the United States Constitution, New York Home Rule Law § 10, and New York Constitution Article I, § 17 and Article IX, § 3.

### Jurisdiction and Venue

4.      This case arises under the United States Constitution and the laws of the United States, and presents a federal question within the Court's original jurisdiction under Article III of the U.S. Constitution, and 28 USC §§ 1331 and 1343.

5.      This Court has supplemental jurisdiction to entertain plaintiffs' State law claims pursuant to 28 USC § 1367.

6.      Venue is proper in the United States District Court for the Northern District of New York pursuant to 28 USC §1391(b) since the acts complained of occurred in Columbia County, New York, and the plaintiffs also maintain offices located within the District.

**Parties**

7.      Plaintiff Columbia County Corrections Officer's  Local 3828 is the duly certified and recognized, sole collective bargaining representative for all full-time Corrections Officers, Corporals, Sergeant and Assistant Chief Corrections Officers (Lieutenant), including Head Cook and Cook, for defendants Columbia County and Columbia County Sheriff, as joint employers, and bargains with the County and County Sheriff on behalf of its bargaining unit members regarding their wages, hours, and other terms and conditions of employment.  Pursuant to the Public Employees' Fair Employment Act, New York Civil Service Law Article 14 (NY Civil Service Law § 200, *et seq*., also known as the "Taylor Law"), the Corrections Officer's Union is an employee organization.

8.      Plaintiff   Matthew Hogencamp is the duly elected Local President of the Columbia County Corrections Officer's Benevolent Association, Local 3828.

9.      Defendant Matt B. Murell is a duly elected member of the Board of Supervisors of Columbia County, New York, and the duly selected Chairman of said of the Board of Supervisors, and exercises all the powers granted to that office.

10.      Defendant P. J. Keeler, Jr., is the duly elected County Treasurer of Columbia County, New York, and exercises all the powers granted to that office.

11.      Defendant Ronald Caponera is the duly appointed County Comptroller of Columbia County, New York, and exercises all the powers granted to that office.

12.      Defendant Robert J. Fitzsimmons is the duly appointed County Attorney of Columbia County, New York, and exercises all the powers granted to that office.

13.      Defendant Michaele Williams-Riordon is the duly appointed Human Resources Director of Columbia County, New York, and exercises all the powers granted to that office.

14.     Defendant David P. Bartlett is the duly elected Sheriff of Columbia County, New York, and exercises all the powers granted to that office.

15.     Defendant Columbia County Board of Supervisors is the duly elected legislative body for the County of Columbia, and exercises all the powers granted to that body.

16.     Defendant Columbia County is a duly created and organized local governmental entity within New York, and exercises all the powers granted to that entity.

FACTS

17.     The Corrections Officer's Union and Columbia County have a collective bargaining relationship of approximately thirty (30) years.

18.     The collective bargaining negotiations between the Corrections Officer's Union, and Columbia County and the Columbia County Sheriff, have resulted in several collective bargaining agreements over the years, which contain the parties' terms and conditions of employment (hereinafter "CBA").

19.     The current terms and conditions of employment between the Corrections Officer's Union, and Columbia County and the Columbia County Sheriff, are set forth in the parties' negotiated CBA for January 1, 2017 to December 31, 2019 (Exhibit A, 2017-19 CBA).  The terms and conditions of said CBA remain in full force and effect until a new agreement is entered into between the parties, as provided for therein (*see* Exhibit A, p. 50), and pursuant to the New York Taylor Law.

20.     By way of background, on March 7, 2020, New York Governor Cuomo issued an Executive Order declaring "a State disaster emergency for the entire State of New York" in response to the emerging COVID-19 outbreak, and among other things, temporarily suspended or modified various State statutes, laws, rules and regulations, as set forth in Executive Order No. 202 (Exhibit B), and periodically issued related Executive Orders regarding the continued temporary suspension

and modification of various State statutes, laws, rules and regulations, up to and including Executive

Order No. 202.39 issued by the Governor on June 7, 2020 (Exhibit C).  Upon information and belief,

none of the Governor's Executive Orders in response to the current COVID-19 pandemic, or any

other law in New York, has suspended or modified the provisions of the Public Employees' Fair

Employment Act, New York Civil Service Law Article 14 (the "Taylor Law"), including the Taylor

Law's mandate that requires public employers, such as the Columbia County defendants, to negotiate

and enter into agreements with public employee organizations, such as the Corrections Officer's

Union, regarding their employees' terms and conditions of employment.

21.     Similarly, in response to the COVID-19 outbreak, on March 16, 2020, defendant

Murell, Chairman of the Columbia County Board of Supervisors, issued a Declaration of a Local

State of Emergency for Columbia County, and in connection therewith, issued Local Executive Order

No. 1 of 2020, which temporarily regulated public gatherings where it was anticipated that attendance

will exceed 50 or more people (Exhibit D).

22.     Thereafter, the Columbia County Board of Supervisors adopted a series of

Resolutions, on May 13, 2020, aimed at addressing the potential economic impact of the COVID-19

pandemic, including the following:

(a)     Resolution No. 159-2020, citing, among other things, a "project[ed] loss of

revenue between 15-20 million dollars from sales tax, state and federal revenue streams and

delays in account receivables," and authorizing the County Comptroller to reduce the 2020

operating budget by 20%, and the transfer of funds to cover unexpected revenue losses and

costs due to COVID-19 (Exhibit E);

(b)     Resolution No. 160-2020, identifying and repeating verbatim several portions

of a May 2020 Economic Impact report published by the New York State Association of

5

Counties (NYSAC), and resolving to call upon the [NY] Congressional Delegation to provide

Counties with direct federal aid to support Counties COVID-19 response and reopening

economic activity efforts (Exhibit F, Resolution No. 160-2020; Exhibit G, NYSAC May 2020

Report, *Lost Revenue and State Aid Cuts, Coronavirus Economic Impact on Counties*); and,

(c)      Resolution No. 161-2020, generally citing the aforementioned economic

impact projections, State and local COVID-19 emergency declarations, and identifying

various cost reduction measures, including a hiring freeze, a voluntary furlough plan, and an

employee furlough plan for all county employees, *except* for certain identified employees,

such as employees represented by the Corrections Officer's Union herein, Sheriff's Deputies,

911, Emergency Management, Office of the Aging Nutrition Sites, and various Solid Waste

and Health Department personnel, and authorizing the implementation thereof by various

County officials (Exhibit H).

23.      Thereafter, as Local President of the Corrections Officer's Union, plaintiff Matthew

Hogencamp was contacted by and on behalf various Columbia County defendants, including a

conference call on or about May 29, 2020, with the County's labor attorney, Elena DeFio Kean,

Hinman Straub, seeking voluntary cost-cutting measures, such as voluntary work furloughs or a

temporary seven (7) month waiver of pay for pre-shift lineup; and in the alternative, threatened with

potential layoffs.

24.      For various reasons, these proposals were rejected by the Corrections Officer's Union

members, including the fact that cost-cutting measures had previously been imposed by the County

Sheriff's Office, including a hiring freeze on two (2) unfilled positions in Corrections, and

rescheduling the transport officers' time to other shifts to reduce overtime.  Additionally, the County

rejected the Corrections Officer's Union proposal to lag pre-shift lineup pay, to enable the County to

pay for time worked at a later date to be determined, similar to New York State public employee lag

pay, since it was the Union's belief that law enforcement officers are entitled to pay for pre-shift

lineups, and that payment was nevertheless mandatory under the Fair Labor Standards Act and New

York Labor Law.  Finally, although requested, Columbia County officials and representative have

refused to provide any economic analysis or basis to substantiate its purported claim of a 15-20

million dollar projected loss of revenue.

25.    In fact, the NYSAC report cited by the County specifically cautions that: "[w]e cannot

stress enough how uncertain any forecast is. The potential spread, severity, and duration of the virus

are not well understood, and expert knowledge is evolving" (*see* Exhibit G, p. 4).  Further, the report

makes certain assumptions that, admittedly, are likely to overestimate the economic impact on upstate

counties, such as Columbia County (*see, e.g.*, Exhibit G: p. 7 ["the economic and virus outbreak data

indicates that the impact of COVID-19 and the economic shutdown will be worse in downstate

counties than in upstate counties"]; and, p. 8 ["We CAUTION that the… estimates rely on a simple

assumption, [t]hat industries are hit equally across the state … . In reality, downstate counties are

likely to be hit relatively harder than upstate counties… . We encourage county finance officials to

take advantage of knowledge and data they have on their local economies… .]).  In sum, the numbers

cited are speculative at best, and not supported by specific loss of revenue calculations actually

experienced by Columbia County, at least insofar as made publically available by Columbia County or

disclosed to the plaintiffs herein.

26.    Nevertheless, despite a failure to reach an agreement with the Corrections Officer's

Union, defendant Columbia County Board of Supervisors subsequently adopted two resolutions on

June 4, 2020:

(a)    Resolution No. 162-2020, authorizing the sale and issuance of up to $15,000,000 of revenue anticipation notes in anticipation of the collection of sales tax revenue during the current FY 2020 (Exhibit I).

(b)    Resolution No. 163-2020 (amending Resolution No. 161-2020), purportedly to implement emergency fiscal programs and budget amendments in response to the COVID-19 Pandemic, authorized, among other things, the imposition of an involuntary six (6) day work furlough, without pay, for all members of the Corrections Officers Union, and authorized defendants, Chairman of the Board of Supervisors, County Treasurer, County Comptroller, County Attorney, and the Human Resources Director, to execute and implement same (Exhibit J).

27.    Following the adoption of Resolution No. 163-2020, the Columbia County Sheriff's Office imposed involuntary furlough days on members of the Corrections Officers Union, commencing on June 11, 2020.  Notice of the involuntary furlough days were written on the daily assignment sheets (Columbia County Sheriff's Office Sign In/Out Report for Corrections), starting on June 11, 2020, and continuing thereafter.

28.    Plaintiffs bring this action as a result of the adoption and implementation of Resolution No. 163-2020, that authorizes the aforementioned Columbia County defendants to execute and implement an involuntary six (6) day work furlough on all members of the Corrections Officer's Union, beginning on June 11, 2020, in violation of the parties' CBA.

29.    As provided in the current CBA between the Corrections Officer's Union, and Columbia County and the Columbia County Sheriff, the parties negotiated and agreed that the normal work week for all employees shall consist of five (5) consecutive work days (Exhibit A, 2017-19 CBA, p. 8).

30.     Resolution No. 163-2020, and the implementation thereof, impairs the Union's CBA with the County, since it permits the Columbia County defendants to impose an <u>involuntary</u> six (6) day work furlough, without pay, for all members of the Corrections Officers Union.  This undermines the very purpose of a Union and collective bargaining as provided by New York's Taylor Law (NY Civil Service Law § 200, *et seq.*).  The Taylor Law prescribes, in relevant part, that it is the public policy of the State and the purpose of the Taylor Law that local governments, like Columbia County, negotiate with, and enter into written agreements with the certified representatives of public employees, such as Corrections Officer's Local 3828.

31.     Resolution No. 163-2020, and the implementation thereof, makes the Union's CBA with the County illusory since it can be disregarded and ignored by the Columbia County defendants' unilateral action.  Essentially, Resolution 163-2020 violates the provisions of an enforceable, bilateral, negotiated agreement, into an unenforceable, unilateral promise, that can be breached by the County defendants against the plaintiffs' Corrections Officer's Union.

32.     The defendants' imposition of an involuntary six (6) day furlough, reducing an employee's pay approximately five (5%) percent per month for six (6) months, adversely affects the Union's members' ability to support themselves and their families, including: their ability to pay rent, mortgages or car payments; buy necessities such as food, clothing, or fuel; pay educational expenses; and, otherwise satisfy outstanding financial commitments.

33.     Moreover, the reduction in salary resulting from the furloughs will adversely affect the retirement/death benefit of members who are nearing retirement/vesting from the New York State and Local Retirement System, since such benefits are calculated based upon an employee's salary.

34.     The fundamental purpose of a CBA is an agreement that each party will honor and realize the benefit of the negotiated bargain.  The long-term collective harm to employees is

immeasurable and irreparable when an entire Union's member's right to work and get paid pursuant to the terms of a negotiated agreement is disregarded.

35.     The Corrections Officer's Local 3828 and Council 82 will also be irreparably harmed by the challenged Resolution.  The essential function of a Union is for the purpose of representing the employees in a bargaining unit and to collective negotiate binding agreements with their employer.  The adoption and implementation of the challenged Resolution ostensibly permits the defendants to ignore the provisions of a binding collective bargaining agreement, and undermines the essential purpose of the Correction Officer's Union.  If Columbia County is permitted to adopt a resolution allowing it to violate and ignore its contractual obligations to the Corrections Officer's Union every time it claims financial difficulties, then the Union and its negotiated agreements on behalf of its members will be rendered sterile and meaningless, and result in irreparable harm to the Corrections Officer's Union.

36.     Collective bargaining agreements between the Corrections Officer's Union and the Columbia County defendants constitute valid, binding and enforceable contracts.

37.     The 2017-2019 CBA constitutes the current collective bargaining agreement between the Correction's Officer's Union and Columbia County.

38.     No successor collective bargaining agreement or interest arbitration award has been entered into between Correction's Officer's Union and Columbia County subsequent to the 2017-2019 CBA.

39.     Pursuant to the Taylor Law (NY Civil Service Law Article 14), the terms of the 2017-2019 CBA remain in full force and effect until a successor agreement or award.

40.     During all times relevant herein, defendants acted under color of State law in violating plaintiffs' rights guaranteed by the United States Constitution Contract Clause.

41.     No prior judicial application has been made for the relief requested herein.

42.     Plaintiffs demand a jury trial.

**CLAIMS FOR RELIEF**

**AS AND FOR A FIRST CLAIM**
**(Pursuant to the Contract Clause of**
**Article I, §10, of the U.S. Constitution)**

43.     Plaintiffs repeat and re-allege the factual allegations contained in paragraphs 1 - 42 of

this Complaint, as if fully set forth herein.

44.     The Contract Clause of Article I, §10, of the United States Constitution prohibits the

State from taking any action or implementing any law, rule or regulation impairing contractual rights

and obligations.

45.     The aforesaid collective bargaining agreement between the Corrections Officer's

Union and the Columbia County defendants constitute a contract within the meaning of the Contract

Clause of Article 1, § 10.

46.     Pursuant to the terms of the CBA, Columbia County is contractually obligated to pay

the Correction Officer's Union-represented employees' salaries consistent with the prescribed work

week, hours, and other terms and conditions of employment.

47.     By adopting and implementing involuntary furloughs, defendants have impaired the

contractual rights of the Corrections Officer's Union and Corrections Officer's Union employees in

violation of the Contract Clause of Article I, §10, of the United States Constitution.

48.     By failing to consider alternatives to the adoption and implementation of Resolution

No. 163-2020, defendants have impaired  the contractual rights of the Corrections Officer's Union

11

and Corrections Officer's Union-represented employees of defendant County in violation of the Contract Clause of Article I, §10, of the United States Constitution .

## AS AND FOR A SECOND CLAIM
### (Pursuant to New York Constitution, Article I, § 17, and Article 14, § [2][c])

49.     Plaintiffs repeat and re-allege the factual allegations contained in paragraphs 1 - 48 of this Complaint, as if fully set forth herein.

50.     Article IX, § 2(c) of the New York Constitution specifically prohibits local governments from enacting laws that are inconsistent with the provisions of the constitution or any general law.

51.     Article I, § 17 of the New York Constitution expressly grants employees "the right to organize and bargain collectively through representatives of their choosing."

52.     To the extent that Resolution No. 163-2020 authorizes the Columbia County defendants to implement an involuntary furlough without pay for Corrections Officer's Union employees, without negotiating an agreement with the Corrections Officer's Union, it exceeds the authority granted to local governments to enact local laws that are consistent with the constitution or any general law, in violation of Article IX, § 2, and effectively prevents Correction Officer's Union-represented employees of Columbia County from collectively bargaining through their chosen representatives in violation of Article I, § 17, of the New York Constitution.

## AS AND FOR A THIRD CLAIM
### (Pursuant to New York Municipal Home Rule Law §10)

53.     Plaintiffs repeat and re-allege the factual allegations contained in paragraphs 1 - 52 of this Complaint, as if fully set forth herein.

54.     New York Municipal Home Rule Law §10 prohibits local governments from adopting local laws that are inconsistent with the constitution or any general laws.

55.     A "general law" is one "which in terms and in effect applies to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (New York Constitution, Article IX, § 3[d][1]).

56.     The Public Employees' Fair Employment Act, New York Civil Service Law Article 14 (NY Civil Service Law § 200, *et seq*., also known as the Taylor Law), is a general law enacted by the New York State Legislature for the purpose of promoting "harmonious and cooperative relationships between governments and its employees and to protect the public by assuring, at all time, the orderly and uninterrupted operations and functions of government," and specifically requires the State, local government, and other political subdivisions, to negotiate with recognized or certified employee organizations over terms and conditions of employment and to reach written agreements.

57.     By adopting Resolution No. 163 of 2020, and unilaterally imposing involuntary furloughs, entirely inconsistent with the Taylor Law since it vitiates the mandatory negotiation requirements with recognized and certified employee organizations over terms and conditions of employment and entering into written agreements regarding same, the defendants have exceeded the authority granted to local governments to enact local laws that are not inconsistent with any general law in violation of New York Municipal Home Rule Law § 10.

## AS AND FOR A FOURTH CLAIM
### (Violation of Civil Rights under 42 USC § 1983)

58.     Plaintiffs repeat and re-allege the factual allegations contained in paragraphs 1 - 57 of this Complaint, as if fully set forth herein.

59.     Defendants acted under color of State law in depriving plaintiffs of their aforesaid rights guaranteed by the Contract Clause of the United States Constitution.

60.     By virtue of defendants' violation of the plaintiffs' constitutional rights, plaintiffs have stated a claim pursuant to 42 USC §1983.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court issue and order and judgment:

(a)  Declaring that Columbia County Resolution No. 163-2020, to the extent it authorized the Columbia County defendants to impose an involuntary six (6) day work furlough, without pay, for all members of the Corrections Officer's Union, and authorized County defendants Chairman of the Board of Supervisors, County Treasurer, County Comptroller, County Attorney, and the Human Resources Director, to execute and implement such furloughs: (i) impairs the contractual rights of the Correction Officer's Union and its represented Columbia County employees in violation of the Contract Clause, Article I, § 10, of the U.S. Constitution; (ii) constitutes a violation of Article IX, § 2(c) of the New York Constitution; and (iii) constitutes a violation of New York Municipal Home Rule Law § 10;

(b)  Restoring the *status quo ante* by declaring that the unconstitutional and unlawful portions of Columbia County Resolution No. 163-2020, to the extent it authorized the Columbia County defendants to impose an involuntary six (6) day work furlough, without pay, for all members of the Corrections Officer's Union, and authorized County defendants Chairman of the Board of Supervisors, County Treasurer, County Comptroller, County Attorney, and the Human Resources

Director, to execute and implement such furloughs, and all actions taken by the defendants to implement or enforce said portions of said Resolution No. 163-2020, are void *ab initio*;

(c)  Enjoining the defendants and all persons and entities acting on behalf and in concert with defendants, from taking any further actions to implement or enforce the unconstitutional and unlawful portions of Columbia County Resolution No. 163-2020, authorizing the defendants to impose involuntary furloughs on members of the Columbia County Correction Officer's Benevolent Association, Local 3828, New York State Law Enforcement Officers Union, District Council 82, AFSCME, AFL-CIO, or take any action with respect to wages, salaries, benefits, work schedules, and other terms and conditions of employment set forth in the parties' Collective Bargaining Agreement;

(d)  Awarding the plaintiffs reasonable attorneys' fees, costs, and disbursements of this action pursuant to 42 USC § 1988, and as otherwise allowed by law; and

(e)  Granting such other and further relief as the Court may deem just and proper.

Dated: Albany, New York
         June 18, 2020

LAW OFFICE OF JEFFREY P. MANS

/S/ *Jeffrey P. Mans*

Jeffrey P. Mans, Esq.
Bar Roll No. 508506
*Attorney for Plaintiffs*
P.O. Box 11-282
Albany, New York 12211-0282
(518) 265-4135
ADKHIGHLANDER@GMAIL.COM